STATE OF MINNESOTA

IN SUPREME COURT

A15-1901

FILED

June 2, 2016

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Darryl Charles Thomas, II, a Minnesota Attorney,
Registration No. 0390283.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Darryl Charles Thomas, II, committed professional misconduct warranting public discipline—namely, engaging in the unauthorized practice of law; failing to attend court hearings and pay court-ordered sanctions; and failing to cooperate with the Director. *See* Minn. R. Prof. Conduct 1.3, 3.4(c), 5.5(a), 8.1(b), 8.4(d); Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent waives his rights under Rule 14, RLPR, withdraws his previously filed answer, unconditionally admits the allegations in the petition, and with the Director recommends that the appropriate discipline is a 60-day suspension followed by supervised probation for 2 years.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED THAT:

1.     Respondent Darryl Charles Thomas, II, is suspended from the practice of law for a minimum of 60 days. This disciplinary suspension shall run concurrently with his administrative suspension for failure to pay child support, to the extent that the administrative suspension remains in effect during the term of his disciplinary suspension.

2.     Respondent shall pay $900 in costs pursuant to Rule 24, RLPR, and shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3.     Respondent shall be eligible for reinstatement to the practice of law following the expiration of the disciplinary-suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court. If respondent's administrative suspension for failure to pay child support is still in effect at the end of the disciplinary-suspension period, respondent must comply with the requirements of Rule 30(c), RLPR, before being reinstated to the practice of law.

4.     Within 1 year of the date of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

2

5.    Upon reinstatement to the practice of law, respondent shall be subject to probation for 2 years. This probationary period shall begin to run when respondent is reinstated to practice law after both the expiration of the disciplinary-suspension period and the lifting of the administrative suspension under Rule 30, RLPR. During probation, respondent shall be subject to the following conditions:

(a)    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(b)    Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c)    Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. When respondent files his affidavit for reinstatement pursuant to paragraph (3) above, he shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d)    Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and

3

anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e)    In the event respondent is retained to handle any probate matters or any other matters concerning or related to the estates of decedents or incompetents, respondent shall within 10 days provide the supervisor with a copy of the written retainer agreement. Respondent shall provide the supervisor with a separate file inventory for these probate matters and keep the supervisor advised of respondent's progress in them.

(f)    Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(g)    Respondent shall create a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide the Director with a copy of this plan when respondent files his affidavit for reinstatement pursuant to paragraph (3) above, and he shall provide the probation supervisor with a copy of it once one has been appointed. Respondent shall provide progress reports as requested.

Dated: June 2, 2016                    BY THE COURT:

David R. Stras
Associate Justice

4